UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLEN B. FOGLE,

    Petitioner,

v.                                                    CASE NO. 6:06-cv-118-Orl-28DAB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed January 30, 2006). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10, filed July 27, 2006). Petitioner filed a reply to the response (Doc. No. 14, filed September 25, 2006).

Petitioner alleges a single claim for relief in his habeas petition -- ineffective assistance of counsel based upon his counsel's failure to "timely and adequately" convey the state's plea offer to Petitioner. (Doc. No. 1, at 6).

*Procedural History*[1]

After entering a plea in two difference cases, on December 17, 2000, Petitioner was sentenced to three (3) years of probation, with probation running concurrent on four counts of sale of cocaine within 1000 feet of a church, five counts of possession of cocaine, and two counts of possession of a misdemeanor amount of marijuana. After entering a plea in a third case to one count of sale of a controlled substance within 1000 feet of a church and one count of sale of cocaine, on September 17, 2002, Petitioner was sentenced to thirty (30) months of probation to run concurrent with the sentences in the initial two cases.

While on probation, Petitioner was arrested and charged with committing grand theft and fleeing to elude. An affidavit of violation of probation ("VOP") was filed against Petitioner, and a VOP hearing was held on May 21, 2004. On the morning of May 21, 2004, the hearing was briefly recessed to allow Petitioner and his counsel an opportunity to view videotape evidence which had been the subject of Petitioner's "Motion to Dismiss for State's Failure to Preserve Evidence." After the hearing reconvened, the prosecutor advised the court that he had made a plea offer, which resulted in the following exchange:

> [Prosecutor:]  . . . . I gave a plea offer of five years which I think is good considering his exposure to like forty or so years.
>
> [Defense:]  I think he just got that about a minute ago, Judge. . . . [S]ince we just got an offer, I would ask that at least to [sic] allow him to consider it over lunch. . . .
>
> \*   \*   \*

---

[1]Because the Petitioner "agrees with the Respondent's Statement of Facts and Procedural History," the Court has largely adopted the same. (Doc. No. 14 at 2).

[Defense:] [T]he State has made an offer, and like Mr. Culver says, he's facing a lot more than that. But he's had about one minute that he's had to consider it. So I would just – if we're going to have to come back, I would just ask that we do at least give him the opportunity to consider it over lunch.

\*   \*   \*

[Prosecutor:] Before we retire for the lunch hour, I just want Mr. Fogle to consider the fact that he's on probation for two counts of sale of cocaine in one case which are fifteen year felonies, he's also on probation for another sale of cocaine, and on probation for possession of cocaine. So that he understands that he could be looking at pretty much the rest of his natural life in prison. Those are separate cases. They are not running concurrent. I don't think there's a plea negotiation on that. So you could stack those.

[Defense:] I think two of them were.

[Prosecutor:] Okay. I just want him to understand that the five years offered by the State is what I commonly refer to as a gift. It's a good plea. So if he doesn't want to take that, that's fine. But I would anticipate that you would sentence him to a much longer period of incarceration.

[Court:] You're probably right.

(Appendix F, Transcript at 13-16). Shortly after this exchange, the hearing was recessed for lunch. After the lunch recess, the parties continued to discuss the plea offer:

[Defense:] As the Court is aware from this morning, the substantive case was a basis for the violation. And this is not a condition of the plea. What he's going to be doing, he's going to be getting five years prison on the new case and the VOPs are just going to be termed, adjudicate.

[Court:] He will be termed unsatisfactorily?

3

[Defense:]   Yes, with an adjudication. He was asking for a weekend furlough. I told him that's generally not the Court's position. But it's not a condition of the plea, correct, Mr. Fogle?

(Thereupon, a brief discussion was had between the defendant and [defense counsel] outside the hearing of the court reporter.)

[Defense:]   Okay. I think he wants a hearing, Judge. I guess he misunderstood what --

[Court:]   He wants a hearing? Okay, we'll bring him back. . . .

[Defense:]   I want to make sure he understands.

(Another brief discussion was had between defendant and defense counsel).

[Court:]   . . . . [W]e'll have a hearing.

[Defense:]   Judge, I think he understands. I think he misunderstood. But what he would be doing is admitting the charges in the new case. The VOPs are going away. The five years would be imposed on the new case because if you were convicted of the – I've explained to him that if he were to be found to have violated his probation on any one of these – well, one of them is a possession — but two of these involved in the VOP cases involve sales and that he would be facing up to fifteen years. It was kind of a last second thing. **I didn't get a chance over lunch.**

[Prosecutor:]   I remember explaining his exposure before lunch.

*   *   *

[Defense]   He wants to do it, Judge.

[Court:]   I'm not going to take it. . . . We're going to have a hearing.

(Appendix A, Transcript at 17-18 (emphasis added)).

After the foregoing exchange, the court rejected defense counsel's final request that Petitioner be permitted to accept the plea offer, and the prosecutor presented his case. (*Id.*

at 19). After hearing the evidence, the trial court found that Petitioner had violated his probation by committing new crimes, and Petitioner was sentenced to ten (10) years in prison on two of the original cases, and five (5) years on the third case, all to run concurrent with each other.

Petitioner appealed the violation determination and his sentence, raising a single issue on direct appeal – that the trial court erred in refusing to accept the guilty plea and in sentencing Petitioner. The Fifth District Court of Appeal affirmed the trial court's violation determination and sentence in a *per curiam* decision. Petitioner then filed a motion for post-conviction relief, arguing that his counsel was ineffective for not timely and adequately conveying the States's plea offer to him. The trial court denied Petitioner's motion for post-conviction relief, and the Fifth District Court of Appeal affirmed *per curiam*. Petitioner then filed the instant timely petition for a writ of habeas corpus in this Court. (Doc. No. 1).

## *Analysis*

Petitioner's sole claim for relief is that his counsel provided ineffective assistance when he failed to "timely and adequately" convey the state's plea offer to Petitioner. (Doc. No. 1, at 6). Because this claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C.

§§ 2254(d)(1) and (2);[2] *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made an unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d).

In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases,

---

[2] Section 2254(d) of Title 28 provides as follows:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority.[3]

In assessing Petitioner's ineffective assistance of counsel claim, the state trial court utilized the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).[4] As noted by the Eleventh Circuit Court of Appeals, "[i]t is well established that the Supreme Court's decision in *Strickland* . . . is the 'controlling legal authority' to be applied to ineffective assistance of counsel claims." *Wellington*, 314 F.3d at 1260. Thus, the state court correctly identified the governing legal principle. Further, Petitioner has not cited to any decision of the Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent. Finally, as explained below, the Court is unable to say that the

---

[3] The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

[4] The state court noted the application of *Strickland*, then analyzed the case under *Cottle v. State*, 733 So. 2d 963 (Fla. 1999), which is the state law case establishing the standard for a *Strickland* analysis in the context of defense counsels' "duty to inform their clients of plea offers." *Id.* at 965-66.

state court's application of clearly established federal law was objectively unreasonable with regard to Petitioner's claim.

### *Ineffective Assistance of Counsel*

As noted above, in *Strickland*, the United States Supreme Court established a two-part test for assessing claims that counsel rendered ineffective assistance during criminal proceedings: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness" (the "performance prong"); and (2) whether the deficient performance prejudiced the defense (the "prejudice prong"). *Strickland*, 466 U.S. at 687-88. The *Strickland* analysis extends to challenges arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *e.g. Cottle v. State*, 733 So. 2d 963 (Fla. 1999).

The prejudice prong of the *Strickland* test requires Petitioner to show that counsel's deficient performance prejudiced the defense. *Strickland* 466 U.S. at 687. Specifically, in the context of a plea, Petitioner must show that he would have accepted the plea offer, and the plea would have resulted in a lesser sentence. *Cottle*, 733 So. 2d at 966. Only if the Petitioner can establish the prejudice prong of the *Strickland* test, should the court consider whether counsel's performance was deficient under the first prong of *Strickland*. *See Alvord v. Wainwright*, 725 F.2d 1282, 1289-90 (11th Cir. 1984) (holding that when no prejudice shown, there is no need to address a claim that counsel was deficient); *see also, Grayson v. Thompson*, 257 F.3d 1194, 1225 (11th Cir. 2001) ("In this case, we need not decide whether counsel's performance was in fact deficient because Grayson so clearly fails to satisfy the prejudice prong of the Sixth Amendment analysis.").

8

Here, in denying Petitioner's motion for post-conviction relief, the state court found that Petitioner sufficiently pled the performance prong of *Strickland*, but could not establish the prejudice prong. The trial court made the following findings of fact and conclusions of law:

> E.  The Defendant here has alleged that his attorney failed to adequately explain the plea to him. The transcript reflects some confusion with regard to the plea. . . . The state's offer was five years' incarceration, which the state attorney described as a "gift."
>
> F.  After lunch, the record reflects some confusion as to whether the Defendant wanted to accept the state's offer or not. Defense counsel admits that he did not get a chance to discuss the plea with the Defendant over the lunch break. **Since the record does not demonstrate that defense counsel did sufficiently explain the offer, which apparently involved both the VOP cases and the new substantive charges, the Defendant has adequately alleged factor 1) of the *Cottle* requirement.**
>
> G.  The Defendant alleges factor 2), that he would have accepted the offer had he been adequately informed on the matter.
>
> H.  *Cottle* receded from any requirement a Defendant demonstrate the Court would have accepted the plea, but does require that the Defendant demonstrate that he would have received a lesser sentence had the Defendant accepted the state's offer. The Defendant cannot demonstrate that he would have received a lesser sentence; the Court specifically expressed its reservation over the State's offer: when the state attorney said he anticipated that, without the offer, the Court would probably sentence the Defendant to a much longer sentence, after which the Court remarked, "You're probably right." The sentence was within the legal guidelines, and nowhere near the outer limit to which the Defendant could have been sentenced. The Defendant has no basis for his claim that he actually would have received a lesser sentence.

(Appendix F).

The Court is unable to say that the foregoing application of the *Strickland* prejudice prong was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id*. Under this demanding standard, the state court's determination that Petitioner did not show that he suffered prejudice was reasonable.

It is important to note that this is not a case where defense counsel wholly failed to convey a plea offer to a criminal defendant. Rather, Petitioner was present when the offer was conveyed by the prosecutor, and Petitioner was informed by the judge and prosecutor on the record of the plea offered and the sentence he faced if he rejected the plea. *Roe v. Flores-Ortega*, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (holding that the magnitude of the deprivation of right to effective assistance of counsel determines whether defendant must show actual prejudice or whether prejudice will be presumed). Indeed, Petitioner actually attempted to accept the plea, and his counsel repeatedly urged the Court to accept Petitioner's plea. Further, as the state court noted, the sentencing court specifically expressed its reservation over the State's offer. Under these circumstances, this Court cannot find that the sentencing court would have accepted the plea or sentenced Petitioner to less than ten year if Petitioner's counsel had consulted with him over the lunch recess.[5]

---

[5]The Court rejects Respondents' invitation to find the prejudice prong is not satisfied due to testimony during the probation hearing that law enforcement officers considered Petitioner a "menace" to the community based upon their long-standing and ongoing

Thus, this Court cannot find that it was unreasonable for the state court to conclude that Petitioner did not show that he suffered prejudice.

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[6] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F. 3d 766, 776-77 (5th Cir. 2002) (citation omitted); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under §2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the state court's factual findings were unreasonable. Further, Petitioner has failed to rebut the

---

investigation of Petitioner. (Doc. No. 10 at 14). The sentencing court explicitly stated that its consideration would be limited to the charge supporting the violation presented by the state: "I'm not going to take into account any new cases that haven't been tried other than the basis for the violation." (Appendix A, Transcript at 43).

[6]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

presumption of correctness accorded the state court's factual findings. Because he has not denigrated the state court's factual findings, the Court cannot conclude that the state court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that issue (a) must be denied under section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### *Conclusion*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Petitioner (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, ~~Florida~~ this 4th day of ~~December, 2006~~ January, 2007.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/27
Counsel of Record
Allen B. Fogle